ANNA LONG *vs.* WAI FONG, AH LEE, CHU SING, SOW
PONG and WAH SING, doing business under the name
of KWONG YICK IN & CO.

APPEAL FROM COMMISSIONER OF WATER RIGHTS, HONOLULU.

HEARING, DECEMBER 21, 1894.    DECISION, FEBRUARY 11, 1895.

JUDD, C.J , BICKERTON, J., AND WHITING, CIRCUIT JUDGE, WHO
SAT IN PLACE OF MR. JUSTICE FREAR, ABSENT FROM ILLNESS.

Plaintiff's grantor of a water right had already parted with one-half of
the water by a lease whose term was unexpired.  The lease con-
tained a recital that the other half of the water was already leased
to another party.  Held, that plaintiff being merely the reversioner
of a water right could not bring the action—it not being for an
injury to the inheritance.

OPINION OF THE COURT, BY JUDD, C.J.

The plaintiff claims that defendands have diverted the
water to which she is entitled for her land in Pauoa, Hono-
lulu, her right to same being eight hours flow of water from
a spring called "Kaaikahi," on every Sunday morning from
9 o'clock a.m., to 5 o'clock p.m., and the commissioner was
asked to settle and decide the controversy.  The defendants
put in an answer wrongly called a "disclaimer" by the com-
missioner, denying that they have interfered with any water
rights of the plaintiff in Pauoa, Oahu, and averring that the
complaint does not state what land in Pauoa is entitled to
the pretended water right of plaintiff.  Among other evidence
plaintiff introduced a conveyance dated the 8th September,
1894, from Mele Keoki (w) and her husband N. Keanini
Haole to C. W. Booth and Anna Long, conveying the water
right set forth in the complaint.  On the part of the defen-
dants there was introduced a lease dated the 10th June,

1891, by the said Mele Keoki and her husband N. K. Haole to Kwong Ung and Hong Chew, demising to them for the term of ten years a piece of land in Pauoa, Oahu, held under Royal Patent No. 5644. The lease reserves a house lot out of this land, and contains a mutual " agreement " (?) that " of the water that flows from the spring on the land hereby leased one-half shall belong to the piece of land now leased to Akoi—that is the second of my (the lessor's) pieces of land in Pauoa, and one-half of the water shall belong to this land hereby leased."

Mele Keoki testified that the land demised by the above lease contained the spring called " Kaaikahi," and was entitled to the water for eight hours each Sunday from 9 a.m., to 5 p.m., &c.

The commissioner rendered judgment in favor of defendants. On the appeal, which is taken upon the record sent up, the plaintiff's counsel makes the following points: (1) Can defendants justify, as to one-half of the water, under the lease which has been introduced to show that plaintiff's grantor had previously parted with one-half of her interest?

(2) Is an alleged lease not introduced, evidence to show that she had previously parted with the other one-half?

(3) Is there a non-joinder in that C. W. Booth is not made a party?

The last point was not made by defendants and so we pass it by. It was curable by amendment. We think the commissioner was right in finding that the plaintiff's grantor, Mele Keoki and husband, had parted with all their interest in the water from the spring " Kaaikahi " before she made the conveyance to C. W. Booth and Anna Long. As detailed above the lessors demised the land containing the spring and half of the water to Kwong Ung and Hong Chew, and six years of the term remained unexpired. The lease recited that the other half was already demised to Akoi.

It was not necessary to put in evidence the lease to Akoi. Mele Keoki was bound by the recital made by her in the lease to Kwong Ung and Hong Chew—she could not nor

could her alleged grantee dispute it. Being recorded it put Mrs. Long on enquiry. See *Keawe vs. Parker*, 6 Haw., 498; Wade on the Law of Notice, Chap. IV., "Notice from Title Papers," p. 134.

It is stated by plaintiff's counsel that it does not appear in the evidence that defendants are the holders of the lease to Kwong Ung and Hong Chew, and so far as it appears, the defendants are mere trespassers. But the lease contained no covenant against assignment and no claim is made of forfeiture for non-payment of rent or breach of condition. Mrs. Long is in no better position than defendants, for she is merely the reversioner of a water right already demised to third parties. Her right to sue is limited to injuries to the inheritance, which is not this case. 1 Taylor, Landlord and Tenant, Sec. 173.

In water right controversies, as in actions generally, the plaintiff must show his right of action. The plaintiff failed to do so in this case and the appeal is dismissed.

*J. A. Magoon*, for plaintiff.

*W. R. Castle*, for defendants.